UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Bennie Skelton, | ) C/A No. 3:09-1430-MBS-RSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Navy Personnel Command, and | ) |
| V. Admiral Mark E. Ferguson, III, C. O., | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened). In the Complaint filed in this case, Mr. James Bennie Skelton (Plaintiff), a South Carolina resident, claims that he is entitled to Naval disability retirement benefits because he was improperly discharged from the Navy without such benefits after being found mentally unfit for duty in 1989. He claims that certain required pre-discharge procedures were not used in his discharge and that, as a result of the wrongful process, he was left with no means to support himself due to the mental illness that the Navy recognized at the time of his discharge. He asks this Court to order the Navy to grant him full Navy retirement with "ID card and base privileges" for the "pain and suffering that [he] endured" allegedly because he was unfairly forced to forgo his Naval career aspirations due to the 1989 discharge without benefits. There are no allegations in the Complaint showing that Plaintiff has undertaken the required military administrative and judicial review remedies

established under Title 38 of the United States Code relative to a military disability retirement claim.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should

filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent that Plaintiff wants this Court to consider (or re-consider) his claim for veterans' disability retirement benefits and to order the Department of Veterans Affairs (VA) to award him veterans' disability benefits, this Court is without subject matter jurisdiction to grant these requests. This is particularly true where Plaintiff has not provided the Court with any federal statute or law applicable to veterans under which he claims that subject matter jurisdiction exists over his claim. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

Pursuant to established federal law, United States District Courts do not have review authority in veteran's benefits matters. See 38 U.S.C. § 511 (". . . the decision of the Secretary as to any such question [about "provision of benefits by the Secretary to veterans or the dependents or survivors of veterans"] shall be final and conclusive

---

do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."); *Johnson v. Robison,* 415 U.S. 361, 370 (1974) (recognizing statute's dual purpose of insulating courts and VA from veteran benefits litigation and of insuring uniform determinations of benefits and application of VA policy) (construing predecessor statute, 38 U.S.C. § 211(a)); *Tietjen v. U. S. Veterans Admin.,* 884 F.2d 514, 515 (9th Cir. 1989) (affirming district court dismissal under § 211(a) of challenge to benefits determination); *see also* H.R. Rep. No. 1166, 91st Cong., 2d Sess. (1970), *reprinted in* 1970 U.S.C.C.A.N. 3723, 3731 ("Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans . . .."). This lack of subject matter jurisdiction has been widely recognized by federal courts in numerous cases where, as here, the case filed by the plaintiff did not explicitly or specifically request review of a VA decision on veterans' benefits, but where the substance of the claim, if considered, would require such review. *See, e.g., Weaver v. U.S.,* 98 F.3d 518, 520 (10th Cir. 1996)(claims of fraud, conspiracy, and misrepresentation by VA officials properly construed as invalid court challenge to denial of veterans benefits; no subject matter jurisdiction); *Taylor v. U.S.,* 642 F.2d 1118, 1120 (8th Cir. 1981)(civil damage suit, the substance of claim is an attempt to obtain judicial review of the VA's denial of benefits claim and thereby circumvent the ban of Section 211(a) [now 511(a)] on judicial review; no subject matter jurisdiction); *Anderson v. Veterans Admin.,* 559 F.2d 935 (5th Cir. 1977) (civil damage suit alleging constitutional violations); *Ross v. U. S.,* 462 F.2d 618 (9th Cir. 1972) (same, alleging defamatory evidence in VA benefits case); *Perry v. U. S.,* 405 F.Supp. 1061 (E.D. Mo. 1975) (claim for personal injuries

allegedly caused by denial of benefits).

As stated above, it is unclear from Plaintiff's allegations whether or not he is currently pursuing, or has ever properly pursued, a claim for the veterans' benefits he seeks in this case. Regardless of whether or not a VA claim has been pursued and rejected, this Court also has no jurisdiction to consider *as an original matter* any claim from such benefits. *Taylor v. U.S.*, 379 F. Supp. 642, 649-50 (W. D. Ark. 1974) (federal courts did not have authority to deal with subject of veterans benefits, either in an original suit or by way of reviewing VA action or inaction, except where facts disclose ground for constitutional attack). However, assuming no such VA claim has yet been filed by Plaintiff, he should do so by following the established process for the filing of such claims. According to the information contained on the Department of Veterans Affairs' [VA's] website, www.va.gov, the VA Forms available thereon, and in applicable statutes and rules, a veteran such as Plaintiff should first file an application for the requested benefits with his or her local VA office. If the veteran is not satisfied with the result issued by his/her local VA office, within one year of the date of the local office's decision the veteran should file a Notice of Disagreement (NOD) with his local office. The local VA office will then send the veteran its Statement of the Case (SOC), which contains a summary of law applicable to the claim, the evidence relied on for the result and the reasons for the denial of benefits in the specific case. The veteran then must timely file a VA Form 9, which he/she would receive after filing the NOD. *See* 38 C.F.R. § 20.200(discussing the NOD, SOC and VA Form 9). This step requires the local office to place the veteran's claim on the docket of the Board of Veterans Appeals (BVA) in Washington, DC.

Thereafter, the BVA, an administrative body set up by Congress specifically to handle review of veterans' claims, see 38 U.S.C. §§ 7101(a), 7104, will hold a hearing and issue a decision either granting the appeal and changing the decision of the local office, remanding the claim back to the local office for reconsideration, or denying the appeal, which means that the local office's decision would stand. See 38 C.F.R. §§ 20.101, 20.700. If the appeal to the BVA is denied, the veteran would then be able to file an appeal from that BVA decision with the Court of Appeals for Veterans Claims. See 38 U.S.C. § 7252. If unsatisfied with the decision of that court, the veteran could then appeal to Court of Appeals for the Federal Circuit, and the final avenue for review would then be through a petition for writ of certiorari to the United States Supreme Court. See 38 U.S.C. § 7292. There is no provision in either the Code of Federal Regulations or in the United States Code giving this Court, a federal district court in the state of the veteran's residence, either original or appellate jurisdiction to review denials of disability ratings by local VA offices or to award veterans' benefits where the veteran has not availed him or herself of the VA's claim process. As a result, Plaintiff's case filed in this Court is subject to summary dismissal due to the lack of jurisdiction and failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); see also *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

*[signature]*
Robert S. Carr
United States Magistrate Judge

June 24, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).